UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PARRIS WALL,
        Petitioner

vs.

WARDEN B.A. BLEDSOE, ET AL.,
        Respondents

: CIVIL NO. 1:CV-10-0159
:
: (Judge Caldwell)

*M E M O R A N D U M*

*I.    Introduction*

      Petitioner Parris Wall, an inmate currently incarcerated at USP-Lewisburg, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the determination of a Disciplinary Hearing Officer ("DHO") that the petitioner possessed, manufactured or introduced a hazardous tool. Wall specifically alleges that his due process rights were violated when he did not receive proper notice of the disciplinary charges. He also challenges the impartiality of the DHO. Wall seeks expungement of the incident report, reinstatement of privileges, and restoration of his good time credits. After review, we will deny the petition.

*II.     Background*

On March 12, 2009, a search of petitioner's cell, then housed at FCI-Allenwood, resulted in prison officials finding a single razor blade hidden in the pages of Wall's Bible. An incident report was issued, where petitioner was charged with Possession, Manufacturing, or Introduction of a Weapon in violation of the Bureau Prison's Code 104, 28 C.F.R. § 541.13.

On April 23, 2009, petitioner appeared before the DHO for a hearing concerning the incident of March 12th. Prior to the commencement of the hearing, petitioner was advised of his rights before the DHO, indicated he understood his rights, and then proceeded to waive his right to staff representation and witness testimony. Instead, Wall opted to provide a statement, where he, essentially, admitted ownership of the razor. (doc. 7, exhibits at A-1)(Wall stated, "I am admitting that it was probably mine but it wasn't a weapon."). Based upon this and the surrounding circumstances, the DHO determined that petitioner committed the prohibited act of Possession, Manufacture or Introduction of a Hazardous Tool in violation of Code 108 instead of possession of a hazardous weapon. As a result, the DHO ordered that petitioner: (1) be segregated for 60 days; (2) lose 54 days of good conduct time; (3) be disallowed 282 days of un-vested good conduct time; (4) lose telephone privileges for 18 days; (5) lose commissary privileges for 18 months; and (5) lose truview privileges for 18 months.

*III. Discussion*

In order to obtain relief under § 2241, Wall must show that he is being held in "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. It is well established that a challenge to a disciplinary action that resulted in the loss of good time credits is actionable under § 2241 because it affects the duration of the petitioner's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). As we previously indicated, petitioner challenges the impartiality of the DHO and contends that his due process rights were violated when he did not receive 24-hour notice of the disciplinary charges.[1]

As to his charge of bias on the part of the DHO, petitioner's claim is without merit. Petitioner is entitled to an impartial disciplinary tribunal, which excludes only those officials who have direct personal involvement in the circumstances underlying the charge. *Ali v. Nash*, No. 05-3205(FLW), 2006 WL 932341, at *6 (D.N.J. Apr. 11, 2006)(citing *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S.Ct. 2963 (1974) & quoting *Meyers v. Alldredge*, 492 F.2d 296, 306 (3d Cir. 1974)). Here, there is no evidence of record that the DHO was involved in the investigation of the underlying charge. Wall's complaint is that the DHO altered the charge against him to show a violation of Code 108, instead of Code 104. The DHO made this decision because he concluded that the weigh of the evidence better

---

[1] Petitioner contends that he is not challenging the sufficiency of the evidence. (doc. 8.). Assuming *arguendo* that he is making such a claim, this claim is also without merit. It is well settled that a DHO's decision is entitled to deference by a reviewing court and the decision must be upheld if it is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456-57 (1985). Here, petitioner admitted to possessing the razor blade. In addition, the testimony of prison officials supports the DHO's decision. Thus, the "some evidence" standard is satisfied.

supported a charge of possession of a hazardous tool. This revision did not require a new investigation or different evidence. Indeed, the violation carried the same disciplinary range. *See* 28 C.F.R. § 541.13. Therefore, based on the preceding, we will deny petitioner relief on this ground.

Finally, petitioner challenges the adequacy of notice of the charges against him. He contends that he was only notified of a violation of Code 104, and not Code 108 for Possession, Manufacture or Introduction of a Hazardous Tool. A prisoner must receive notice of any disciplinary proceedings. *Gomez v. Moten*, 20 F.3d 467 (5th Cir. 1994). Code 108 defines a "hazardous tool" as "[t]ools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others." 28 C.F.R. § 541.13. While a separate offense, Code 108, in essence, is a lesser included offense of Code 104 because a hazardous tool is a tool than can be used as a weapon and the facts to prove either offense are nearly identical. Thus, petitioner had adequate notice of the charge. In addition, petitioner has not cited to, and we have not found, any authority stating that the DHO did not have the power to designate his offense as a Code 108 violation. *See Nash*, 2006 WL 932341 at \*6. Therefore, we conclude that Wall's claim is baseless, and thus we will deny relief on his claim.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 2, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PARRIS WALL, :
:
    Petitioner : CIVIL NO. 1:CV-10-0159
:
vs. : (Judge Caldwell)
:
WARDEN B.A. BLEDSOE, ET AL., :
:
    Respondents :

*O R D E R*

AND NOW, this 2nd day of March, 2011, upon consideration of petitioner's petition, and for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is denied.

    2. The Clerk of Court shall close this file.

                        /s/William W. Caldwell
                         William W. Caldwell
                         United States District Judge